**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BLUE CROSS BLUE SHIELD ASSOCIATION**, *et al.*<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**GLAXOSMITHKLINE LLC,**<br><br>**Defendant.** | **CIVIL ACTION No. 2:13-cv-4663-JS** |

**DEFENDANT GLAXOSMITHKLINE LLC'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE ADDITIONAL BRIEF**

Defendant GlaxoSmithKline LLC ("GSK") respectfully submits this Response in

Opposition to Plaintiffs' Motion for Leave to Submit Brief Regarding March 12, 2019 Hearing

on GSK's Motion for Summary Judgment [Dkt. 240].

Plaintiffs again suffer from "buyer's remorse," regretting the arguments they made in

opposition to GSK's summary judgment motion and at oral argument.  Despite having had more

than two months to prepare their written opposition to GSK's summary judgment motion and an

additional month to prepare for argument, plaintiffs ask this Court for a third chance.  They

purport to grant themselves that relief by attaching a five-page brief to their motion, banking on

the assumption that, having submitted it, the Court will have no choice but to read it.  And yet

this third bite at the apple offers nothing to fix the fatal defects in their claims.  Instead, plaintiffs

re-hash previous arguments about *Johnson & Johnson Talcum Powder Prods. Mktg., Sales

Practices & Liab. Litig.*, 903 F.3d 278 (3d Cir. 2018), already the focus of substantial attention

by the parties and Court.  Although they address *In re Avandia Mktg., Sales Practices & Product

Liab. Litig.*, 804 F.3d 633 (3d Cir. 2015), which they conspicuously ignored in their 45-page

opposition to GSK's summary judgment motion, they say nothing they had not said at oral argument.  Finally, plaintiffs offer legal and factual arguments regarding unjust enrichment that directly contradict the rationale for this claim articulated in their post-discovery Amended Complaint, summary judgment opposition brief, by their experts, and at argument just a week ago.  Plaintiffs' "wish" to attempt to improve upon their arguments is not a basis for a sur-reply brief at all, let alone an untimely one.

Following an October 1, 2018 status conference at which the Court and the parties discussed at length the briefing schedule, the Court entered a Revised Case Management Order that established the deadlines and page limits for summary judgment briefing:

- 45 pages for GSK's opening brief, due on Nov. 7, 2018;

- 45 pages for plaintiffs' response brief, due on Jan. 11, 2019;

- 15 pages for GSK's reply brief, due on Feb. 11, 2019.

[Dkt. 192].  At the conference, plaintiffs urged the Court to limit the parties' briefs to even fewer pages.  10/1/18 Tr., p. 37:24-38:3 [Dkt. 191].  Plaintiffs now seek to file – and in fact filed despite GSK's objection that their motion should not attach the proposed brief itself – an impermissible sur-reply granting themselves additional briefing pages they had argued so strenuously against.   The brief itself offers nothing to vindicate their extraordinary request.

First, plaintiffs seek to re-argue the Third Circuit's dispositive holding in *J&J*, in the guise of linking it to *Kwikset Corp. v. Superior Court*, 510 Cal. 4th 310 (Cal. 2011).  Plaintiffs previously addressed *J&J* and chose not to address *Kwikset*.  The Court should not entertain further argument from them on this point.  Moreover, as the Court's questions at argument suggested, the Third Circuit's analysis of *Kwikset* in footnote 14 of *J&J* refutes plaintiffs' theory of injury.

Plaintiffs also address *Avandia*.  At argument, plaintiffs' counsel represented there was no need to have addressed it in their briefing because the Court's Rule "12(b)(6) decision very specifically applies *Avandia* to this case" and "we're very comfortable with what it says." 3/12/19 Tr., p. 58:4-16.  Their change of heart is no justification for a sur-reply.

Second, plaintiffs appear to recognize – for the first time in eight years of litigation – that their unjust enrichment claim fails because they seek as damages the gross amount they paid for At-Issue Drugs, not the amount by which they supposedly enriched GSK.  Plaintiffs did not bother to respond to this point in opposing GSK's summary judgment motion or address it in their 273-paragraph Statement of Material Facts.  Even at oral argument, plaintiffs' counsel continued to claim as unjust enrichment damages the gross amounts plaintiffs paid.  *See* 3/12/19 Tr., pp. 63:15-64:14.  Having maintained this defective theory throughout this litigation, including as recently as last week, plaintiffs cannot now reverse course and raise entirely new (yet still unavailing) legal and factual arguments.  *See Stucke v. City of Phila.*, No. 12-6216, 2015 U.S. Dist. LEXIS 61785, *22 n.7 (E.D. Pa. May 12, 2015) (Tucker, J.)  ("The Court declines to address a new argument raised for the first time in a sur-reply brief.").

For these reasons, GSK respectfully requests that the Court deny plaintiffs' motion for leave and strike their improper brief from the record.  In the event the Court grants the motion, GSK respectfully requests that the Court grant it leave to file a five-page response brief within three business days of entry on the docket of the Court's order.

March 19, 2019


BY: */s/ Stephen J. Kastenberg*
    Stephen J. Kastenberg           W. Mark Lanier (*pro hac vice*)
    David H. Pittinsky                THE LANIER LAW FIRM
    Leslie E. John                    6810 FM 1960 Road West
    Edward D. Rogers             Houston, TX  77069
    William B. Igoe                  Phone: 713-659-5200
    BALLARD SPAHR LLP
    1735 Market Street, 51st Floor
    Philadelphia, PA 19103         Joseph E. O'Neil
    Phone: 215-665-8500            John J. O'Donnell
                                 CAMPBELL CAMPBELL EDWARDS &
                                 CONROY, P.C.
    Matthew J. O'Connor (*pro hac vice*)  190 N. Independence Mall West, Suite 500
    Jason Raofield (*pro hac vice*)      Philadelphia, PA 19106
    COVINGTON & BURLING LLP     Phone: 215-627-0303
    One CityCenter
    850 Tenth Street NW
    Washington, DC 20001
    Phone: 202-662-6000


    *Attorneys for Defendant,*
    *GlaxoSmithKline LLC*