# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BLUE CROSS BLUE SHIELD ASSOCIATION,** *et al.* <br><br> **Plaintiffs,** <br><br> v. <br><br> **GLAXOSMITHKLINE LLC,** <br><br> **Defendant.** | **CIVIL ACTION No. 2:13-cv-4663-JS** |

**DEFENDANT GLAXOSMITHKLINE LLC'S
RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF**

Defendant GlaxoSmithKline LLC ("GSK") respectfully submits this Response to Plaintiffs' Brief Regarding March 12, 2019 Hearing on GSK's Motion for Summary Judgment.

**A.   Injury**

While plaintiffs provide their views on the California Supreme Court's decision in *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310 (2011), in so doing they ignore the Third Circuit's dispositive discussion of that case. In *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Liab. Litig.*, 903 F.3d 278 (3d Cir. 2018), the Third Circuit held that "buyer's remorse" – that is, a "sincere wish" not to have purchased a product – does not create Article III standing. The Third Circuit also ruled that its holding did not conflict with *Kwikset* because, "[u]nlike the plaintiffs in *Kwikset*, who failed to receive the benefit of their bargains and thus '*paid more*' for their lockets, Estrada fails to allege the same." *Id.* at 290 (italics in original).

Plaintiffs here propound the same characterization of *Kwikset* offered by the dissent in *Johnson & Johnson, i.e.* that, according to the dissent's reading of *Kwikset* "[i]t was sufficient that the misrepresentation of the manufacturer deprived [the plaintiffs] of the benefit of their bargain such that they would not have purchased the product had the product been labeled

accurately." *Id.* at 297 (Fuentes, J., dissenting).  But, the Third Circuit rejected this interpretation, as well as the dissent's similar assertion, again echoed by plaintiffs here, that alleged misrepresentations about the safety of an already consumed product, without more, cause injury cognizable under Article III.  *Id.* at 298 (Fuentes, J., dissenting) ("Estrada alleges that she paid for a product based, in part, on Johnson and Johnson's representation of its safety.  That representation was part of the benefit of her bargain").[1]

Plaintiffs also re-hash their strained attempt to distinguish *Johnson & Johnson* on the basis that, "[a]ccording to her own allegations, the *Johnson & Johnson* plaintiff would not have acted differently in any respect."  Pls' Br., p. 3 (no citation).  But the *Johnson & Johnson* court's framing of the question on appeal refutes that contention:  "Has a plaintiff – who has entirely consumed a product that has functioned for her as expected – suffered an economic injury solely because she now **sincerely wishes that she had not purchased that product?**" 903 F.3d at 280 (emphasis added).  So too do the allegations in the *Johnson & Johnson* plaintiff's complaint: "Had Plaintiff known the truth about the safety of using Johnson's® Baby Powder, **she would not have purchased the product**."  Am. Compl. ¶ 11, *Estrada v. Johnson & Johnson*, 16-cv-07492 (D.N.J.) [Dkt. 27] (emphasis added).

Article III standing requirements apply to federal and state claims alike.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351-52 (2006).  Indeed, the *Johnson & Johnson* plaintiff asserted state law negligent misrepresentation and breach of warranty claims, as plaintiffs do here.  *See* Am. Compl., *Estrada v. Johnson & Johnson*, 16-cv-07492 (D.N.J.) [Dkt.

---

[1] Plaintiffs also assert that "courts routinely uphold claims that, but for a defendant's misrepresentations, a plaintiff would have refused to enter into the transaction, on any terms." Pls' Br., p. 2.  Despite the "routine" nature of such decisions, plaintiffs failed to cite a single supporting case in their 45-page opposition to summary judgment, and cite only to *Kwikset* in their supplemental brief.  The Third Circuit squarely rejected plaintiffs' spin on *Kwikset*.

27]. As this Court's questions at argument suggested, footnote 14 of *Johnson & Johnson* – along with the Third Circuit's holding that a "sincere wish" not to have purchased a product does not establish standing – forecloses plaintiffs' theory of injury as to all of their claims.[2]

### B. Unjust Enrichment

Plaintiffs appear to recognize – for the first time in eight years of litigation – that their unjust enrichment claim fails because they seek as damages the gross amount they paid for At-Issue Drugs, not the amount by which they supposedly enriched GSK. Plaintiffs did not bother to respond to this point in their opposition to GSK's summary judgment motion or in their 273-paragraph Statement of Material Facts, and their own expert reports calculate only these gross payments. Even at oral argument, plaintiffs' counsel continued to claim as unjust enrichment damages the gross amounts plaintiffs paid. *See* 3/12/19 Tr., pp. 63:15-64:14. Having maintained this defective theory throughout the litigation, including as recently as last week, plaintiffs cannot now reverse course and raise entirely new (yet still unavailing) legal and factual arguments. *See Stucke v. City of Phila.*, No. 12-6216, 2015 U.S. Dist. LEXIS 61785, *22 n.7 (E.D. Pa. May 12, 2015) (Tucker, J.) ("The Court declines to address a new argument raised for the first time in a sur-reply brief.").[3]

---

[2] For the first time, plaintiffs address *In re Avandia Mktg., Sales Practices & Product Liab. Litig.*, 804 F.3d 633 (3d Cir. 2015). Plaintiffs are not pursuing the "excess price" or "quantity effect" theories found viable in *Avandia*, and they do not contend otherwise.

[3] Indeed, plaintiffs' new theory and cited document of general per drug profit figures does not raise a genuine issue of material fact regarding unjust enrichment damages. Plaintiffs' damages expert, Dr. Rena Conti, opined that she had been "retained by plaintiffs' counsel to provide opinions and calculations regarding the injury and damages incurred by each of the 39 plaintiffs **in this matter**." Conti Opening Report, ¶ 1 (emphasis added). Nowhere in Dr. Conti's report (or rebuttal report) does Dr. Conti offer a separate damages opinion specific to the unjust enrichment claim; her sole theory of damages is that plaintiffs are entitled to their total, gross purchase price of the At Issue Drugs. That is not a viable unjust enrichment damages theory. *See Com. v. Ortho-McNeil-Janssen Pharm.*, 52 A.3d 498, 512-13 (Pa. Commw. Ct. 2012).

March 22, 2019

BY: */s/ Stephen J. Kastenberg*

| | |
|---|---|
| Stephen J. Kastenberg | W. Mark Lanier (*pro hac vice*) |
| David H. Pittinsky | THE LANIER LAW FIRM |
| Leslie E. John | 6810 FM 1960 Road West |
| Edward D. Rogers | Houston, TX  77069 |
| William B. Igoe | Phone: 713-659-5200 |
| BALLARD SPAHR LLP | |
| 1735 Market Street, 51st Floor | Joseph E. O'Neil |
| Philadelphia, PA 19103 | John J. O'Donnell |
| Phone: 215-665-8500 | CAMPBELL CAMPBELL EDWARDS & CONROY, P.C. |
| | 190 N. Independence Mall West, Suite 500 |
| Matthew J. O'Connor (*pro hac vice*) | Philadelphia, PA 19106 |
| Jason Raofield (*pro hac vice*) | Phone: 215-627-0303 |
| COVINGTON & BURLING LLP | |
| One CityCenter | |
| 850 Tenth Street NW | |
| Washington, DC 20001 | |
| Phone: 202-662-6000 | |

*Attorneys for Defendant,
GlaxoSmithKline LLC*