IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BLUE CROSS BLUE SHIELD ASSOCIATION**, *et al.*,<br><br>                              **Plaintiffs**,<br><br>vs.<br><br>**GLAXOSMITHKLINE LLC**,<br><br>                              **Defendant.** | Civil Action No. 2:13-cv-4663-JS |

**PLAINTIFFS' OPPOSITION TO GSK'S MOTION TO CERTIFY
AN INTERLOCUTORY APPEAL AND STAY THE TRIAL**

GSK's argument that an interlocutory appeal will "facilitate more meaningful consideration of settlement" (Dkt. No. 304-1, at 1) flies in the face of reality. The best way to facilitate a settlement is to start the trial of this case on November 12, as scheduled by the Court. A six-week trial and a likely jury verdict by late December will promote a settlement far sooner than any interlocutory appeal. Even if the Third Circuit accepted and "expedited" GSK's appeal, proceedings in the Third Circuit would stretch far into next year. Moreover, if GSK truly believed that it has a "strong" likelihood of success on the merits with respect to the injury issue (Dkt. No. 304-1, at 14), it should stop its delaying tactics and proceed to trial: GSK will either win a defense verdict in a few weeks, or it will have a silver bullet for any plaintiffs' verdict on post-judgment appeal.

The actual goal of GSK's motion is to delay rather than facilitate a settlement, by eliminating any current pressure on GSK to negotiate. This case has been litigated for years, and the parties are ready to proceed to trial. On its face, therefore, GSK's motion fails an essential requirement imposed by 28 U.S.C. § 1292(b): interlocutory review at this late stage of the case

will not "materially advance the ultimate termination of the litigation." As this Court has recognized, "an interlocutory appeal can hardly advance the ultimate termination of the litigation" when "discovery is complete and the case is ready for trial." *In re Prosser*, 2011 WL 2181619, at *4 (D.V.I. June 3, 2011) (Sánchez, J.) (internal quotation marks omitted). That principle is fully applicable here.

In addition, GSK's motion fails the other requirements imposed by § 1292(b). The statute requires a showing that an interlocutory appeal will resolve a "controlling question of law" as to which "there is a substantial ground for difference of opinion." GSK has made no such showing.

Section 1292(b) also makes clear that even if certification is granted, a stay pending appeal faces additional hurdles. The statute provides that "application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." To justify a stay, GSK must present evidence to support findings in its favor on four issues:

> (1) whether [GSK] has made a strong showing that [it] is likely to succeed on the merits; (2) whether [GSK] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). GSK bears the burden on all four issues. *See, e.g., Devon IT, Inc. v. IBM Corp.*, 2013 WL 6721748, at *3-4 (E.D. Pa. Dec. 20, 2013). GSK has not even come close to carrying that burden.

**I.     GSK Has Failed To Satisfy The Tests Imposed By § 1292(b) For Certification Of An Interlocutory Appeal**

**"Controlling question of law."** GSK declares: "[The] question here is a dispute about a pure legal issue, not an issue of fact, so it is immaterial for purposes of this interlocutory appeal

2

request that the Court concluded [in its Rule 56 decision] that there were issues of material fact in dispute." Dkt. No. 304-1, at 5.  GSK's assertion is meritless on at least two counts.

First, insofar as the injury question is "a pure legal issue," this Court rejected GSK's position years ago when it denied GSK's Rule 12(b)(6) motion.  Applying *In re Avandia Mktg., Sales Practices & Product Liab. Litig.*, 804 F.3d 633 (3d Cir. 2015) ("*Avandia I*"), this Court held that Plaintiffs can establish their financial injury by proving that GSK fraudulently induced Plaintiffs to pay for drugs that were economically "worthless," without the need for proof of patient harms or product defect.  Dkt. No. 105, at 9-12.  If GSK's assertions now were correct, GSK could have made a § 1292(b) motion at that threshold stage of the litigation, before the parties went through years of wide-ranging document and deposition discovery, massive Rule 56 and *Daubert* submissions, and intensive preparations for trial.  GSK chose not to make such a motion.  GSK's last-minute resort to § 1292(b) is an attempt to delay a resolution of this case by way of a settlement or trial, not an effort to achieve a necessary clarification of the law.

Second, this Court's Rule 56 decision establishes that the question of injury involves disputed issues of fact that can only be adjudicated at a trial.  The Court quoted, for example, the testimony of GSK's own cGMP expert, Ronald Stellon, who effectively admitted that a lack of assurance as to the quality of the At-Issue Drugs would render them worthless.  Dkt. No. 295, at 29.  The Court also quoted Plaintiffs' own testimony to the same effect.  *Id*.  GSK disputes all such testimony, contending that the assurance of quality has no bearing on the economic value of its drugs and is immaterial to Plaintiffs and other third-party payers.  *See, e.g.*, GSK's Rule 56 Brief, Dkt. No. 209, at 33: "[P]laintiffs cannot establish injury merely by asserting they would not have bought the drugs had they known of this supposed 'lack of assurance.'  That is not a cognizable injury."  Viewing the factual record under Rule 56, the Court concluded:  "The

3

question of whether Plaintiffs have produced sufficient evidence to prove their injury thus requires the resolution of genuine issues of material fact and turns on the credibility and weight afforded to the parties' witnesses." Dkt. No. 295, at 29-30.  GSK cannot blithely dismiss this finding as "immaterial" under § 1292(b).  The injury issue is a mixed question of law and fact. An interlocutory appeal is inappropriate when the record is incomplete and the issue to be certified remains subject to factual disputes.  *See, e.g.*, *Kanafani v. Lucent Techs., Inc.*, 2009 WL 3698108, at *3 (D.N.J. Nov. 5, 2009) ("a factual dispute is not an appropriate basis for immediate interlocutory appeal under § 1292(b)").  In these circumstances, the evidence should be assessed by a jury before any appeal is taken.

**"Substantial ground for difference of opinion."**  In an attempt to conjure up a conflict in the case law, GSK rehashes the arguments it made in its summary judgment motion and at oral argument.  GSK cites the same cases, and continues to misrepresent their holdings -- particularly *Avandia I*, *Johnson & Johnson*, and *Kwikset*.  All of those cases are consistent with this Court's injury analysis.  No clarification of the law is required.

To begin with, GSK makes the nonsensical assertion that this Court "necessarily had to distinguish" *Avandia I* to uphold Plaintiffs' injury claim.  Dkt. No. 304-1, at 6.  This Court did nothing of the kind.  Instead, the Court expressly ***relied*** on *Avandia I* in analyzing Plaintiffs' claim.  In its Rule 12(b)(6) decision, the Court held:  "As in *In re Avandia*, Plaintiffs' injury does not depend on the at-issue drugs' ineffectiveness, or factual speculation concerning future events, but rather on GSK's misrepresentations concerning the production, quality, and safety of the drugs." Dkt. No. 105, at 9.  The Court also pointed out:  "The parties agree the *In re Avandia* court held a plaintiff may adequately plead economic harm independent of whether the alleged fraud causes physical harm to the drug users." *Id*.  Furthermore, as the Court noted, it was

4

**GSK**—not the Court or Plaintiffs—that attempted to distinguish *Avandia I*. *Id*. at 9-10. *Avandia I* directly supports this Court's injury analysis.

Likewise, *Johnson & Johnson* and *Kwikset* are fully consistent with this Court's analysis. *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Liab. Litig.*, 903 F.3d 278 (3d Cir. 2018); *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310 (2011). In *Johnson & Johnson*, the Third Circuit found that the plaintiff had failed to allege that the product in issue was worth even "one penny less than what she paid." 903 F.3d at 288. Furthermore, the plaintiff had an "apparent desire to continue purchasing [the product] in the future despite being aware of its alleged health risks." *Id*. at 289. Here, however, Plaintiffs have presented ample proof that the drugs they paid for were economically worthless, and that Plaintiffs would have refused to pay for the drugs if they had known the truth.

The Third Circuit in *Johnson & Johnson* also noted that its holding "does not conflict" with *Kwikset*. *Id*. at 290 n.14. In *Kwikset*, the California Supreme Court held that the plaintiffs had properly alleged causation and injury because, had they known that the defendant misrepresented its locksets as "Made in U.S.A.," the plaintiffs "would not have purchased" the locksets. 51 Cal. 4th at 319. The *Kwikset* court concluded that an allegation that a plaintiff "would not have bought the product but for the misrepresentation . . . is sufficient to allege causation. It is also sufficient to allege economic injury." *Id*. at 330. That is precisely analogous to what Plaintiffs allege here. Plaintiffs "would not have bought" GSK's drugs "but for the misrepresentation" as to how the drugs were manufactured.

GSK also refers to the "spirited exchange between this Court and counsel" at the March 12, 2019 summary judgment hearing as proof that "reasonable minds can differ" on the proper interpretation of these cases. Dkt. No. 304-1, at 8 & n.2. GSK undermines its own position by

5

referring to the summary judgment hearing. During that hearing, GSK's counsel repeatedly misstated the holdings in all three cases: *Avandia I*, *Johnson & Johnson*, and *Kwikset*. The Court began the hearing by correctly noting that the injury asserted here and the injury asserted in *Kwikset* are "similar." Tr. p. 5, line 21. Later in the hearing, however, GSK's counsel tried to distinguish *Kwikset* by mischaracterizing it as applying only to "overcharge" claims, *i.e.*, claims that "you would have purchased the drug, but you paid more than you would have been willing [to] pay." Tr. p. 68, lines 8-11. The language in *Kwikset* quoted above conclusively disproves that assertion. The *Kwikset* plaintiffs claimed that, had they known the truth, they would have been unwilling to purchase the product at ***any*** price—not merely that they were overcharged and would have been willing to purchase the product at some lower price. *See* 51 Cal. 4th at 319, 330.

Similarly, the issue in *Johnson & Johnson* was not whether the plaintiff sued to recover all of her purchase price or only some of it, *i.e.*, an "overcharge." Again, that is a false distinction asserted by GSK's counsel during the summary judgment hearing. Tr. p. 68, line 5. The issue in *Johnson & Johnson* was whether the plaintiff would have acted any differently knowing what she knows now -- either by paying less, or by refusing to pay at all. According to her own allegations, she would not have acted differently in ***any*** respect.[1]

Finally, GSK's counsel compounded his mischaracterizations of *Kwikset* and *Johnson & Johnson* by arguing that the same "overcharge" limitation applies to *Avandia I*. Tr. p. 68, lines 5-11. *Avandia I* contains no such limitation. In its Rule 12(b)(6) decision, this Court specifically

---

[1] GSK's assertion that, for purposes of § 1292(b), the dissenting opinion in *Johnson & Johnson* establishes that "reasonable minds can differ" on the injury question (Dkt. No. 304-1, at 8) is frivolous. If GSK were correct, any 2-1 decision by the Court of Appeals would provide a basis for a § 1292(b) motion.

noted the fact that Plaintiffs do not allege that they made an "overpayment," as in *Avandia I,* but rather that, if they had known the truth, Plaintiffs would have refused to pay anything "at all." Dkt. No. 105, at 10 n.10.  The Court's conclusion that this fact made no difference under *Avandia I*—that it was "of no import" (*id*.)—is patently correct.  Otherwise, a defendant could be held liable for fraudulently selling products that had some value to the purchaser and were merely overpriced, but the same defendant could escape liability for fraudulently selling products that had no value at all.  GSK does not, and cannot, cite any case that even remotely supports that proposition.

In sum, nothing in *Avandia I*, *Johnson & Johnson*, or *Kwikset* advances GSK's argument that, absent "patient harm," Plaintiffs can only sue for an "overcharge"—the difference between the price Plaintiffs actually paid for GSK's drugs and some lower price Plaintiffs supposedly would have paid with full knowledge that the drugs were materially non-compliant.  *See* Dkt. No. 304-1, at 7-9.  Under controlling Third Circuit law, Plaintiffs are entitled to show that GSK's drugs had no economic value, and that Plaintiffs would have refused to pay for them at any price. Simply put, there is no "substantial ground" for GSK's position that incrementally overpriced drugs are actionable, but economically worthless drugs are not.[2]

---

[2] The rest of GSK's citations are equally unavailing.  *See* Dkt. No. 304-1, at 9-10 & n.3. For example, in *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1364 (11th Cir. 2001), the court's statement that healthcare insurers cannot allege economic injury because "insurers adjust premiums to compensate for known risks," is plainly irrelevant where, as here, the defendant **concealed** the relevant risks.  Moreover, the Third Circuit in *Avandia I* expressly rejected the reasoning in *Ironworkers*.  *See* 804 F.3d at 641.  GSK also cites *In re McNeil Consumer Healthcare Mktg. & Sales Practices Litig.*, 877 F. Supp. 2d 254 (E.D. Pa. 2012), for the proposition that consumers cannot allege an injury without proof of product defect. Any such holding is clearly inapplicable to insurers under the Third Circuit's subsequent ruling in *Avandia I*.  The same is true of GSK's other cases:  *In re Digitek Prods. Liab. Litig.*, 821 F. Supp. 2d 822 (S.D. W.Va. 2011); *Myers-Armstrong v. Actavis Totowa, LLC*, 2009 WL 1082026 (N.D. Cal. Apr. 22, 2009), *aff'd*, F. App'x 545 (9th Cir. 2010); and *Polk v. KV Pharm. Co.*, 2011 WL 6257466 (E.D. Mo. Dec. 15, 2011).

**"Materially advance the ultimate termination of the litigation."** As already discussed, GSK's last-minute motion is designed to delay rather than promote a prompt resolution of this case. That alone is sufficient to preclude GSK's request for interlocutory review. This Court and others have repeatedly held that a § 1292(b) motion is inappropriate on the eve of trial. *See In re Prosser*, 2011 WL 2181619, at *4 ("an interlocutory appeal can hardly advance the ultimate termination of the litigation" when "discovery is complete and the case is ready for trial") (citing *FDIC v. Parkway Exec. Office Ctr.*, 1997 WL 611674, at *3 (E.D. Pa. Sept. 24, 1997) (internal quotations omitted)); *see also In re G-I Holdings, Inc.*, 2005 WL 3370020, at *6-7 (D.N.J. Dec. 9, 2005) (denying a § 1292(b) motion where discovery had closed, the pretrial order was close to finalization, and the scheduled trial was less than four months away); *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 211-12 (D.N.J. 1996) (denying a § 1292(b) motion where the case had been pending for three years, discovery had closed, and the scheduled trial was one month away).

**II.   In Addition, GSK Has Failed To Establish Any Basis For A Stay Pending Appeal**

As demonstrated above, GSK has failed to make even a threshold showing that, under Third Circuit law, "reasonable minds can differ" as to the validity of this Court's injury ruling. Yet, without more, GSK leaps immediately to the claim that it has made a "***strong showing***" that this Court's ruling is likely to be reversed on appeal, and therefore GSK is entitled to the extraordinary relief of a stay. Dkt. No. 304-1, at 14, emphasis added. Given the Third Circuit's decisions in *Avandia I* and *Johnson & Johnson*, GSK's prediction of success on the merits is unsupported wishful thinking.

Moreover, GSK has failed to demonstrate that it will suffer irreparable injury if a stay is denied. GSK makes the incoherent statement that, "as the party facing significant potential

liability," it will suffer from "uncertainty," which will put it "in a very difficult position, perhaps further undermining settlement prospects." Dkt. No. 304-1, at 14. "[S]ignificant potential liability" is precisely what motivates defendants to settle. The same "irreparable injury" could be asserted by any defendant facing claims for substantial damages that are ready for trial.

As for the supposed lack of injury to Plaintiffs if a stay is granted, GSK argues that Plaintiffs are "sophisticated litigants" with claims arising out of events "15-20 years ago," and consequently there is no "imminent need" to try these claims. Dkt. No. 304-1, at 15. But having waited more than six years to present their case to a jury, Plaintiffs will be unnecessarily prejudiced by further delays. As the Court stated during the October 8, 2019 telephone conference, this is an old case. The time has come to try it.

Finally, regarding a stay's effect on the public interest, GSK argues that any delay is immaterial because "the public interest in this matter has long since been vindicated through a combination of consumer litigation, *qui tam* suits, and a parallel criminal action against SB Pharmco." Dkt. No. 304-1, at 15. GSK ignores the evident public interest in establishing at trial that the nation's private healthcare insurers have a legal remedy against the fraudulent sale of materially non-compliant drugs. Whatever recoveries may have been obtained through settlements of government litigation or limited consumer lawsuits fall far short of providing comprehensive redress and deterrence against the type of drug company misconduct presented here.[3]

---

[3]   GSK also argues that a stay of the trial would "preserve the resources of the Court." Dkt. No. 304-1, at 15, quoting *Cohen v. Chicago Title Ins. Co.*, 242 F.R.D. 295, 300 n. 8 (E.D. Pa. 2007) (Sánchez, J.). GSK fails to note that in *Cohen*, the Court granted a stay of further proceedings at the very beginning of the case (at the class certification stage), not on the eve of trial. Furthermore, the Court stayed proceedings in *Cohen* in view of the fact that an appeal in a similar case was already pending in the Third Circuit. *Cohen* bears no resemblance to the circumstances presented here.

## CONCLUSION

The Supreme Court has stated: "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (internal quotation marks omitted). Thus, a movant under § 1292(b) has the burden of showing that "exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment." *Fleetwood Servs., LLC v. Complete Bus. Solutions Grp., Inc.*, 2019 WL 2106198, at *4 (E.D. Pa. May 14, 2019) (Sánchez, C.J.) (internal quotation marks omitted).

GSK has failed to establish the necessary "exceptional circumstances" for interlocutory review. Its motion for certification and a stay of the trial should be denied.

Dated: October 21, 2019	Respectfully submitted,

**LOWEY DANNENBERG, P.C.**
By: /s/ Peter St. Phillip
Gerald Lawrence
Peter St. Phillip
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
(215) 399-4770

**GETNICK & GETNICK LLP**
Neil V. Getnick
Lesley Ann Skillen
Stuart Altschuler
521 Fifth Avenue, 33rd Floor
New York, NY 10175
(212) 376-5666

**LOWEY DANNENBERG, P.C.**
Geoffrey M. Horn
Uriel Rabinovitz
44 South Broadway, Suite 1100
White Plains, NY 10601
(914) 997-0500

**RAWLINGS & ASSOCIATES, PLLC**
Mark D. Fischer
Robert C. Griffith
One Eden Parkway
LaGrange, KY  40031
(502) 587-1279

**THE BREEN LAW FIRM**
James J. Breen
5755 North Point Parkway, Suite 260
Alpharetta, GA  30022
(678) 735-5052

**PROFESSOR G. ROBERT BLAKEY**
Professor of Law Emeritus
Notre Dame Law School*
7002 East San Miguel Avenue
Paradise Valley, AZ  85352
(574) 514-8220
[*Noted for identification only]

*Attorneys for Plaintiffs*

{}

## CERTIFICATE OF SERVICE

I certify that on October 21, 2019 I served the foregoing Plaintiffs' Opposition to GSK's Motion to Certify an Interlocutory Appeal and Stay the Trial by email on the following counsel:

Joseph E. O'Neil
John J. O'Donnell
CAMPBELL CONROY & O'NEIL
1205 Westlakes Drive
Suite 330
Berwyn, PA 19312

Stephen J. Kastenberg
David H. Pittinsky
Leslie E. John
Edward D. Rogers
William B. Igoe
BALLARD SPAHR LLP
1735 Market Street 51st Floor
Philadelphia, PA  19103

Mark H. Lynch
Matthew J. O'Connor
Jason C. Raofield
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, N.W.
Washington, DC  20001

W. Mark Lanier
THE LANIER LAW FIRM
6810 FM 1960 Road West
Houston, TX  77069


            /s/ Peter St. Phillip

{}