IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BLUE CROSS BLUE SHIELD ASSOCIATION,** *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>**GLAXOSMITHKLINE LLC,**<br><br>Defendant. | Civil Action No. 13-cv-4663-JS |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS'
THIRD SET OF INTERROGATORIES**

Defendant GlaxoSmithKline, LLC ("Defendant" or "GSK"), objects and responds to Plaintiffs Blue Cross Blue Shield Association, et al.'s ("Plaintiffs") Third Set of Interrogatories (the "Interrogatories") as follows:

**GENERAL OBJECTIONS**

1. Defendant objects to the Interrogatories to the extent that they purport to impose requirements that are inconsistent with or not specified in the Federal Rules of Civil Procedure or the Local Rules of this Court.

2. Defendant objects to the Interrogatories to the extent that they seek the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure. Inadvertent production of any information that is privileged, protected from disclosure, or otherwise immune from discovery shall not constitute a waiver of any privilege or protection or of the right to object to the use of the information that was inadvertently produced. Defendant reserves the right to recall from discovery any

inadvertently produced document that is protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

3. Defendant objects to the Interrogatories to the extent they are overly broad, unduly burdensome, or seek disclosure of material or information beyond the scope of permissible discovery under Federal Rule of Civil Procedure 26.

4. Defendant objects to the Interrogatories to the extent that they purport to require Defendant to search for information or documents not within its possession, custody, or control.

5. Defendant objects to the Interrogatories, including the definitions and instructions, to the extent that they are vague, ambiguous, cumulative, or duplicative.

6. Defendant objects to the Interrogatories to the extent that they seek information relating to time periods that are not relevant to the Complaint.

7. Defendant objects to the Interrogatories to the extent that they seek information equally available to Plaintiffs from sources other than Defendant.

8. Defendant objects to the following definitions:

   a. Defendant objects to Plaintiffs' Definition No. 5 of "GSK" as overbroad and unduly burdensome. Defendant interprets the term to mean only Defendant GlaxoSmithKline LLC and/or its predecessor SmithKline Beecham Corporation.

   b. Defendant objects to Plaintiffs' Definition No. 12 of "Identify" and "Identity" as overbroad and unduly burdensome. With reference to a natural person, Defendant interprets the terms to require only that the response provide (i) the person's full name, and (ii) the person's last known contact information, if available. With reference to any entity

        other than a natural person, Defendant interprets the terms to require only that the response provide (i) the full name of the entity, and (ii) the address of its corporate headquarters, or any other information reasonably necessary to locate the entity. With reference to a document, Defendant interprets the terms to require only that the response provide any information reasonably necessary to locate the referenced document, i.e., Bates number. With reference to a communication, Defendant interprets the terms to require only (i) the identity of each person between or among whom the communication occurred, and (ii) the date and time when the communication occurred, if available, and the manner in which it occurred (e.g., meeting, telephone conversation).

    c.    Defendant objects to Plaintiffs' Definition No. 13 of "possession," "custody," or "control" as overbroad and unduly burdensome to the extent that it is inconsistent with the scope of the terms as used in the Federal Rules of Civil Procedure, and as interpreted in related case law.

    d.    Defendant objects to Plaintiffs' Definition No. 14 of "Cidra" and "the Cidra Plant" to the extent that it implies that any entity other than SB Pharmco Inc. operated the manufacturing facility at Cidra, Puerto Rico.

9.    Defendant objects to the following Instructions:

    a.    Defendant objects to Plaintiffs' Instruction No. 1 as overbroad and unduly burdensome. Defendant further objects that the stated time period covered by the Interrogatories exceeds that which is relevant to the claims and defenses in this matter. Defendant is willing to meet-and-confer with

Plaintiffs regarding the appropriate relevant time period for its Interrogatories.

**OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

All responses made below, and all information provided in response to these Interrogatories, is stated subject to and without waiving the foregoing General Objections, which are specifically incorporated in each response below.  Defendant's investigation of the issues involved in this action, including issues implicated by the Interrogatories, is ongoing, as is Defendant's search for responsive documents.  Defendant reserves the right to amend or supplement its answers to these Interrogatories pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**Interrogatory No. 10**

Identify the individuals referred to in GSK-CIDRA-0065660, "Cidra Settlement - Follow-up and preparation for the future," dated Nov. 1, 2010, under the heading "Government Investigation of Individuals," stating:  "The US Attorney's Office has not closed out the investigation of individuals currently or formerly employed by GlaxoSmithKline who could be at risk of indictment.  These individuals are represented by private, independent counsel."

**Response No. 10**

In addition to its General Objections, which are fully incorporated herein, Defendant objects to this Interrogatory to the extent that it seeks the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure.

**Interrogatory No. 11**

Identify the specific entity or entities that employed the following individuals during the period from January 1, 1997 to the present, specifying the dates of such employment:

   a. Bernadette King
   b. Bill Leonard
   c. Cheryl Eckard
   d. Chris Viehbacher

4

    e.  David Lichtenstein
    f.  David Pulman
    g.  David Wheadon
    h.  Diane Sevigny
    i.  Donald Mackenzie
    j.  Edna Diaz
    k.  Edwin Lopez
    l.  Eric Dube
    m.  Fred Mayer
    n.  Gayle Reinhardt
    o.  James Palmier
    p.  Janice Whitaker
    q.  Jonathan Box
    r.  Kristal Adams
    s.  Mark Vineis
    t.  Marilyn Figueroa
    u.  Nancy Leone
    v.  Nancy Pekarek
    w.  Nilsa Colon-Perez
    x.  Pete Lammers
    y.  Richard Kettlewell
    z.  Richard Packer
    aa.  Ruth Toledo
    bb.  Sheila Hood
    cc.  Stefanie Mendell
    dd.  Stephen Rose
    ee.  Steve Plating
    ff.  Tim Tyson
    gg.  William Sawicki

**Response No. 11**

In addition to its General Objections, which are fully incorporated herein, Defendant objects to this Interrogatory as compound, overbroad and unduly burdensome, and not relevant or proportional to the needs of the case.  Defendant further objects to this Interrogatory as vague and ambiguous with respect to the definition of "entity."  Subject to and without waiving the foregoing objections, Defendant has provided the hire date, termination date, and entity-related information for the listed individuals in Exhibit A.  Defendant also refers Plaintiffs to the tens of thousands of documents referencing the individuals produced in this matter by GSK, which

contain information regarding the employment of the listed individuals.  Defendant reserves the right to update this Interrogatory response based on further investigation.

**Interrogatory No. 12**

Identify the respective officers, directors, and executives of SB Pharmco Puerto Rico Inc., SmithKline Beecham Corp. d/b/a GlaxoSmithKline, and GSK plc during the period from January 1, 1997 to the present, specifying each person's title(s) and corporate affiliation(s) and the dates for each such title and affiliation.

**Response No. 12**

In addition to its General Objections, which are fully incorporated herein, Defendant objects to this Interrogatory as compound, overbroad and unduly burdensome, and not relevant or proportional to the needs of the case.  Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to the annual reporting of SB Pharmco Puerto Rico Inc., which names the officers and directors of SB Pharmco Puerto Rico Inc. from 1997 through its dissolution in 2008.  The reports are available on the Government of Puerto Rico's online Registry of Corporations and Entities, at https://prcorpfiling.f1hst.com/CorporationSearch.aspx.  Defendant further refers Plaintiffs to GSK's Annual Reports, available at https://www.gsk.com/en-gb/investors/corporate-reporting/corporate-reporting-archive/, for information on the officers, directors, and executives of SmithKline Beecham Corporation d/b/a GlaxoSmithKline and GlaxoSmithKline plc from 2000 to the present.  Defendant further refers Plaintiffs to GSK-ECK-0027-027058, GSK-ECK-0008-090768, GSK-CIDRA-0016221, GSK-ECK-0053-009497, GSK-ECK-0053-009642, GSK-ECK-0055-001835, GSK-ECK-0034-018210, GSK-CIDRA-0981150, GSK-CIDRA-0981151, GSK-CIDRA-0981152, GSK-ECK-0051-025980, GSK-ECK-0052-019773, GSK-ECK-0047-005868, GSK-ECK-0047-006670, and GSK-ECK-0008-090766, which reflect additional executives of SB Pharmco Puerto Rico Inc.,

SmithKline Beecham Corporation d/b/a GlaxoSmithKline, and GlaxoSmithKline plc.  Defendant reserves the right to update this Interrogatory response based on further investigation.

**Interrogatory No. 13**

<u>Identify the percentage of total U.S. sales revenue for each At-Issue Drug attributable to the Plaintiffs in the aggregate.  (See, e.g., GSK-CIDRA-0006535.)</u>

**Response No. 13**

In addition to its General Objections, which are fully incorporated herein, Defendant objects to this Interrogatory as overbroad and unduly burdensome, and not relevant or proportional to the needs of the case.  Defendant objects to this Interrogatory as vague and ambiguous with respect to the definition of "total U.S. sales revenue."  Defendant further objects to this Interrogatory to the extent it calls for Defendant to provide information not reasonably within its possession, custody, or control, or information that is more readily available to Plaintiffs than to Defendant, and as cumulative to and duplicative of Interrogatory No. 5.  Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to Exhibit B, which reflects currently available information regarding sales attributable to "At-Issue" products manufactured at the Cidra, Puerto Rico facility.  Defendant reserves the right to update this Interrogatory response based on further investigation.

Respectfully submitted,

*/s/ Jason C. Raofield*
Jason C. Raofield, Esq.
Mark H. Lynch, Esq.
Matthew J. O'Connor, Esq.
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Phone: (202) 662-6000

7

David H. Pittinsky, Esq.
Stephen J. Kastenberg, Esq.
Leslie E. John, Esq.
Edward D. Rogers, Esq.
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Phone: (215) 665-8500

Joseph E. O'Neil, Esq.
John J. O'Donnell, Esq.
Ricky M. Guerra, Esq.
**LAVIN, O'NEIL, CEDRONE & DISIPIO**
190 N. Independence Mall West, Suite 500
Philadelphia, PA 19106
Phone: (215) 627-0303

*Attorneys for Defendant GlaxoSmithKline LLC*

**Exhibit A**

| Individual | Hire Date | Termination Date | Entity Information |
|---|---|---|---|
| Bernadette King | September 24, 2001 | February 27, 2015 | Global Communications |
| Bill Leonard | September 17, 1984 | March 9, 2010 | US Pharmaceuticals |
| Cheryl Eckard | November 21, 1994 | August 1, 2003 | GMS Quality |
| Chris Viehbacher | January 1, 2000 | December 1, 2008 | US Pharmaceuticals |
| David Lichtenstein | January 4, 1988 | N/A - Current | US Pharmaceuticals |
| David Pulman | October 2, 1978 | December 31, 2013 | Global Manufacturing & Supply |
| David Wheadon | February 24, 1992 | August 12, 2005 | Research & Development |
| Diane Sevigny | June 11, 1984 | January 13, 2018 | GMS Quality |
| Donald Mackenzie | December 2, 1991 | N/A - Current | Pharma R&D |
| Edna Diaz | June 17, 2002 | July 25, 2003 | GSK Cidra |
| Edwin Lopez | January 16, 1995 | January 30, 2005 | GSK Cidra |
| Eric Dube | August 21, 2000 | N/A - Current | ViiV Healthcare |
| Fred Mayer | March 6, 1989 | January 5, 2004 | Research & Development |
| Gayle Reinhardt | April 12, 1987 | March 7, 2014 | US Pharmaceuticals |
| James Palmier | March 29, 1993 | May 29, 2009 | US Pharmaceuticals |
| Janice Whitaker | April 16, 1984 | September 16, 2013 | GMS Quality |
| Jonathan Box | December 18, 1989 | N/A - Current | GSK Finance |
| Kristal Adams | November 23, 1992 | June 9, 2016 | GMS Quality |
| Mark Vineis | February 7, 2000 | November 27, 2006 | US Pharmaceuticals |
| Marilyn Figueroa | September 2, 2003 | December 31, 2004 | GSK Cidra |
| Nancy Leone | November 25, 1996 | December 31, 2010 | US Pharmaceuticals |
| Nancy Pekarek | January 4, 1993 | December 23, 2015 | Global Communications |
| Nilsa Colon-Perez | August 30, 2004 | December 15, 2016 | Global Manufacturing & Supply |
| Pete Lammers | June 9, 1986 | July 7, 2013 | US Pharmaceuticals |
| Richard Kettlewell | October 13, 1986 | October 1, 2017 | GMS Quality |
| Richard Packer | November 11, 1991 | August 31, 2016 | Global Manufacturing & Supply |
| Ruth Toledo | November 16, 1992 | December 23, 2005 | GSK Cidra |
| Sheila Hood | December 4, 1995 | March 31, 2006 | US Pharmaceuticals |
| Stefanie Mendell | September 8, 1997 | March 31, 2013 | Global Communications |
| Stephen Rose | October 30, 1989 | April 30, 2013 | Global Communications |
| Steve Plating | January 15, 1990 | January 26, 2005 | Regional Quality, NA, GSK |
| Tim Tyson | August 1, 1988 | December 31, 2002 | Global Manufacturing & Supply |
| William Sawicki | March 14, 1983 | February 3, 2006 | US Pharmaceuticals |

**Exhibit B**

**BCBS et al vs. GlaxoSmithKline - Cidra Matter**
**Response to Interrogatory #13 [1], [2]**
**Based on Plaintiff Claims Data Received Through 2/28/2018**

| At-Issue Product | 1997 Gross Sales | 1997 Plaintiff Paid | 1997 Plaintiff Paid % of Gross Sales | 1998 Gross Sales | 1998 Plaintiff Paid | 1998 Plaintiff Paid % of Gross Sales | 1999 Gross Sales | 1999 Plaintiff Paid | 1999 Plaintiff Paid % of Gross Sales | 2000 Gross Sales | 2000 Plaintiff Paid | 2000 Plaintiff Paid % of Gross Sales |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ALBENZA | $ 328,129 | $ 2,616 | 0.8% | $ 459,319 | $ 4,523 | 1.0% | $ 594,186 | $ 5,436 | 0.9% | $ 846,221 | $ 9,886 | 1.2% |
| AVANDAMET | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| AVANDIA | NA | NA | NA | NA | NA | NA | 158,470,584 | 4,694,581 | 3.0% | 744,323,458 | 40,020,287 | 5.4% |
| BACTROBAN [3] | 85,726,169 | 1,085,227 | 1.3% | 113,870,091 | 2,485,113 | 2.2% | 140,975,376 | 3,705,493 | 2.6% | 155,704,019 | 6,346,788 | 4.1% |
| COMPAZINE | 23,468,877 | 207,988 | 0.9% | 17,523,928 | 205,490 | 1.2% | 16,409,414 | 192,964 | 1.2% | 25,532,323 | 193,089 | 0.8% |
| COREG [3] | 31,447,876 | 306,837 | 1.0% | 101,867,274 | 2,536,783 | 2.5% | 203,153,054 | 5,892,565 | 2.9% | 241,813,887 | 11,563,484 | 4.8% |
| DENAVIR [4] | NA | NA | NA | NA | NA | NA | NA | NA | NA | TBD | 1,286,766 | TBD |
| DIBENZYLINE | 2,241,010 | 28,856 | 1.3% | 2,262,577 | 38,549 | 1.7% | 5,053,459 | 104,013 | 2.1% | NA | NA | NA |
| DYAZIDE | 49,464,643 | 674,288 | 1.4% | 41,613,326 | 879,186 | 2.1% | 40,994,592 | 753,731 | 1.8% | 26,262,366 | 760,155 | 2.9% |
| DYRENIUM | 3,229,688 | 41,006 | 1.3% | 3,392,925 | 69,198 | 2.0% | 4,616,384 | 107,686 | 2.3% | NA | NA | NA |
| FACTIVE | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| KYTRIL | 177,195,813 | 11,306 | 0.0% | 204,379,664 | 24,910 | 0.0% | 203,887,120 | 43,557 | 0.0% | 179,315,987 | 68,364 | 0.0% |
| PAXIL | 1,052,139,561 | 19,161,885 | 1.8% | 1,282,047,332 | 39,342,434 | 3.1% | 1,575,279,161 | 54,800,125 | 3.5% | 1,827,825,321 | 106,114,960 | 5.8% |
| PAXIL OS | NA | NA | NA | 2,344,572 | 19,896 | 0.8% | 8,135,034 | 120,211 | 1.5% | 10,134,856 | 309,717 | 3.1% |
| RELAFEN | 484,661,669 | 9,160,704 | 1.9% | 504,539,067 | 17,192,380 | 3.4% | 454,358,804 | 16,861,545 | 3.7% | 319,659,655 | 19,548,281 | 6.1% |
| STELAZINE | 5,913,801 | 75,393 | 1.3% | 4,430,048 | 92,524 | 2.1% | 3,577,656 | 89,240 | 2.5% | 3,082,388 | 83,709 | 2.7% |
| THORAZINE [3] | 6,105,543 | 33,458 | 0.5% | 4,553,101 | 53,688 | 1.2% | 4,287,460 | 50,939 | 1.2% | 3,854,987 | 64,806 | 1.7% |
| **Total** | **$ 1,921,922,780** | **$ 30,789,564** | **1.6%** | **$ 2,283,283,224** | **$ 62,944,674** | **2.8%** | **$ 2,819,792,283** | **$ 87,422,086** | **3.1%** | **$ 3,538,355,467** | **$ 185,083,525** | **5.2%** |

**Notes:**
[1] GSK's U.S. sales are limited to the % manufactured at Cidra (per the response to Interrogatory #4).
[2] Plaintiff Paid amounts are sourced to plaintiff produced transactional claims data and limited to the % manufactured at Cidra (per the response to Interrogatory #4).
[3] NDCs for sample products are excluded from Cidra sales. These include Bactroban (00029152515), Coreg (00007414055, 00007414155, & 00007414255), and Thorazine (00007506101) and account for $73.7K total plaintiff paid.
[4] Denavir was sold by GSK Consumer Healthcare, and as such the sales data is not available from the U.S. Pharma systems.

**BCBS et al vs. GlaxoSmithKline - Cidra Matter**
**Response to Interrogatory #13 [1], [2]**
**Based on Plaintiff Claims Data Received Through 2/28/2018**

| At-Issue Product | 2001 Gross Sales | 2001 Plaintiff Paid | 2001 Plaintiff Paid % of Gross Sales | 2002 Gross Sales | 2002 Plaintiff Paid | 2002 Plaintiff Paid % of Gross Sales | 2003 Gross Sales | 2003 Plaintiff Paid | 2003 Plaintiff Paid % of Gross Sales | 2004 Gross Sales | 2004 Plaintiff Paid | 2004 Plaintiff Paid % of Gross Sales |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ALBENZA | $ 811,403 | $ 14,483 | 1.8% | $ 917,545 | $ 21,170 | 2.3% | $ 967,367 | $ 19,033 | 2.0% | $ 1,286,519 | $ 26,399 | 2.1% |
| AVANDAMET | NA | NA | NA | 49,444,255 | 309,696 | 0.6% | 129,074,246 | 14,920,385 | 11.6% | 420,526,721 | 50,308,127 | 12.0% |
| AVANDIA | 1,053,786,691 | 65,667,301 | 6.2% | 1,175,944,158 | 109,072,837 | 9.3% | 1,394,734,566 | 126,702,003 | 9.1% | 1,531,014,138 | 149,602,775 | 9.8% |
| BACTROBAN [3] | 178,003,924 | 7,753,344 | 4.4% | 196,301,490 | 10,020,945 | 5.1% | 189,694,084 | 10,135,362 | 5.3% | 93,907,765 | 5,322,872 | 5.7% |
| COMPAZINE | 22,808,131 | 147,260 | 0.6% | 2,886,148 | 94,810 | 3.3% | NA | NA | NA | NA | NA | NA |
| COREG [3] | 377,596,710 | 17,076,619 | 4.5% | 484,819,079 | 32,272,407 | 6.7% | 670,957,144 | 45,792,519 | 6.8% | 907,089,182 | 67,036,284 | 7.4% |
| DENAVIR [4] | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| DIBENZYLINE | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| DYAZIDE | 24,228,133 | 603,068 | 2.5% | 19,145,906 | 612,512 | 3.2% | 16,860,307 | 594,491 | 3.5% | 14,654,351 | 586,856 | 4.0% |
| DYRENIUM | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| FACTIVE | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| KYTRIL | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| PAXIL | 2,151,236,780 | 138,204,949 | 6.4% | 2,319,441,466 | 219,617,259 | 9.5% | 1,414,265,865 | 141,471,471 | 10.0% | 156,062,640 | 17,567,761 | 11.3% |
| PAXIL OS | 9,698,679 | 455,578 | 4.7% | 6,927,910 | 515,384 | 7.4% | 10,126,012 | 865,763 | 8.5% | 9,181,791 | 826,131 | 9.0% |
| RELAFEN | 232,508,915 | 15,167,189 | 6.5% | 23,338,250 | 2,914,808 | 12.5% | 19,286,893 | 1,476,596 | 7.7% | 12,166,954 | 1,147,806 | 9.4% |
| STELAZINE | 2,091,638 | 59,723 | 2.9% | 1,744,598 | 64,637 | 3.7% | NA | NA | NA | NA | NA | NA |
| THORAZINE [3] | 4,027,103 | 74,932 | 1.9% | 2,898,597 | 61,164 | 2.1% | NA | NA | NA | NA | NA | NA |
| **Total** | **$ 4,056,798,105** | **$ 245,224,447** | **6.0%** | **$ 4,283,809,400** | **$ 375,577,629** | **8.8%** | **$ 3,845,966,483** | **$ 341,977,624** | **8.9%** | **$ 3,145,890,061** | **$ 292,425,010** | **9.3%** |

**Notes:**
[1] GSK's U.S. sales are limited to the % manufactured at Cidra (per the response to Interrogatory #4).
[2] Plaintiff Paid amounts are sourced to plaintiff produced transactional claims data and limited to the % manufactured at Cidra (per the response to Interrogatory #4).
[3] NDCs for sample products are excluded from Cidra sales. These include Bactroban (00029152515), Coreg (00007414055, 00007414155, & 00007414255), and Thorazine (00007506101) and account for $73.7K total plaintiff paid.
[4] Denavir was sold by GSK Consumer Healthcare, and as such the sales data is not available from the U.S. Pharma systems.

**BCBS et al vs. GlaxoSmithKline - Cidra Matter**
**Response to Interrogatory #13 [1], [2]**
**Based on Plaintiff Claims Data Received Through 2/28/2018**

| At-Issue Product | 2005 Gross Sales | 2005 Plaintiff Paid | 2005 Plaintiff Paid % of Gross Sales | 2006 Gross Sales | 2006 Plaintiff Paid | 2006 Plaintiff Paid % of Gross Sales | 1997-2006 Gross Sales | 1997-2006 Plaintiff Paid | 1997-2006 Plaintiff Paid % of Gross Sales |
|---|---:|---:|---:|---:|---:|---:|---:|---:|---:|
| ALBENZA | $ 500,142 | $ 13,152 | 2.6% | NA | NA | NA | $ 6,710,831 | $ 116,698 | 1.7% |
| AVANDAMET | 239,091,070 | 34,469,698 | 14.4% | $ 191,188,682 | $ 29,564,636 | 15.5% | 1,029,324,974 | 129,572,542 | 12.6% |
| AVANDIA | 2,028,710,140 | 192,553,908 | 9.5% | 1,955,240,334 | 266,764,627 | 13.6% | 10,042,224,068 | 955,078,318 | 9.5% |
| BACTROBAN [3] | 14,306,365 | 236,996 | 1.7% | NA | NA | NA | 1,168,489,283 | 47,092,141 | 4.0% |
| COMPAZINE | NA | NA | NA | NA | NA | NA | 108,628,821 | 1,041,601 | 1.0% |
| COREG [3] | 1,211,332,920 | 90,017,353 | 7.4% | 1,399,113,813 | 167,753,664 | 12.0% | 5,629,190,940 | 440,248,516 | 7.8% |
| DENAVIR [4] | NA | NA | NA | NA | NA | NA | TBD | 1,286,766 | TBD |
| DIBENZYLINE | NA | NA | NA | NA | NA | NA | 9,557,046 | 171,417 | 1.8% |
| DYAZIDE | 3,700,749 | 148,892 | 4.0% | NA | NA | NA | 236,924,372 | 5,613,180 | 2.4% |
| DYRENIUM | NA | NA | NA | NA | NA | NA | 11,238,997 | 217,890 | 1.9% |
| FACTIVE | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| KYTRIL | NA | NA | NA | NA | NA | NA | 764,778,584 | 148,138 | 0.0% |
| PAXIL | 40,757,310 | 4,600,528 | 11.3% | NA | NA | NA | 11,819,055,434 | 740,881,372 | 6.3% |
| PAXIL OS | 6,998,083 | 613,378 | 8.8% | 5,796,605 | 881,309 | 15.2% | 69,343,542 | 4,607,366 | 6.6% |
| RELAFEN | 3,919,962 | 538,237 | 13.7% | NA | NA | NA | 2,054,440,168 | 84,007,546 | 4.1% |
| STELAZINE | NA | NA | NA | NA | NA | NA | 20,840,128 | 465,225 | 2.2% |
| THORAZINE [3] | NA | NA | NA | NA | NA | NA | 25,726,791 | 338,985 | 1.3% |
| **Total** | **$ 3,549,316,742** | **$ 323,192,142** | **9.1%** | **$ 3,551,339,434** | **$ 464,964,236** | **13.1%** | **$ 32,996,473,979** | **$ 2,409,600,936** | **7.3%** |

**Notes:**
[1] GSK's U.S. sales are limited to the % manufactured at Cidra (per the response to Interrogatory #4).
[2] Plaintiff Paid amounts are sourced to plaintiff produced transactional claims data and limited to the % manufactured at Cidra (per the response to Interrogatory #4).
[3] NDCs for sample products are excluded from Cidra sales. These include Bactroban (00029152515), Coreg (00007414055, 00007414155, & 00007414255), and Thorazine (00007506101) and account for $73.7K total plaintiff paid.
[4] Denavir was sold by GSK Consumer Healthcare, and as such the sales data is not available from the U.S. Pharma systems.

CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2018, I caused to be served by email Defendant's Objections and Responses to Plaintiffs' Third Set of Interrogatories on the following counsel:

Gerald Lawrence, Esq.
Peter D. St. Phillip, Esq.
**LOWEY DANNENBERG COHEN & HART, P.C.**
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428
Phone: (610) 941-2670

Geoffrey M. Horn, Esq.
Uriel Rabinovitz, Esq.
**LOWEY DANNENBERG COHEN & HART, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Phone: (914) 997-0500

Neil V. Getnick, Esq.
Lesley Ann Skillen, Esq.
Stuart Altschuler, Esq.
**GETNICK & GETNICK LLP**
521 Fifth Avenue, 33rd Floor
New York, NY 10175
Phone: (212) 376-5666

Mark D. Fischer, Esq.
**RAWLINGS & ASSOCIATES, PLLC**
One Eden Parkway
LaGrange, KY 40031
Phone: (502) 587-1279

Professor G. Robert Blakey
Professor of Law Emeritus
Notre Dame Law School
7002 East San Miguel Avenue
Paradise Valley, AZ 85352

                                          /s/ *Jason C. Raofield*
                                          Jason C. Raofield